IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| American Fork City, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120919-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 20, 2012) |
| Scott Ray Bishop, | ) | |
| | ) | 2012 UT App 362 |
| Defendant and Appellant | ) | |

-----

Fourth District Court, American Fork Department, 125105429
The Honorable Christine S. Johnson

Attorneys:     Scott Ray Bishop, Orem, Appellant Pro Se
James "Tucker" Hansen and Timothy G. Merrill, Pleasant Grove, for
Appellee

-----

Before Judges McHugh, Voros, and Roth.

¶1     Scott Ray Bishop appeals his October 17, 2012 conviction for speeding. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶2     Bishop asserts that the district court's findings of fact and conclusions of law do not conform to the evidence presented at trial. "We review challenges to findings of fact for clear error." *Henshaw v. Henshaw*, 2012 UT App 56, ¶ 10, 271 P.3d 837. "A trial court's factual determinations are clearly erroneous only if they are in conflict with the clear weight of the evidence, or if this court has a definite and firm conviction that a mistake has been made." *Kimball v. Kimball*, 2009 UT App 233, ¶ 14, 217 P.3d 733. "Generally, we

review a trial court's legal conclusions for correctness, according the trial court no particular deference." *Orton v. Carter*, 970 P.2d 1254, 1256 (Utah 1998).

¶3     Bishop asserts that although his speed exceeded the posted speed limit, his speed was reasonable and prudent given the existing road conditions. Utah Code section 41-6a-601(2) provides that "[s]ubject to Subsections (1) and (4) and Sections 41-6a-602 and 41-6a-603," the lawful rate of speed in any urban district is twenty-five miles per hour. *See* Utah Code Ann. § 41-6a-601(2) (LexisNexis 2010). Subsection (1) of section 41-6a-601 provides that a person "may not operate a vehicle at a speed greater than is reasonable and prudent under the existing conditions, giving regard to the actual and potential hazards then existing." *Id.* § 41-6a-601(1). Except as provided in section 41-6a-604, it is prima facie evidence that a speed is not reasonable and prudent if such speed exceeds twenty-five miles per hour in any urban district. *See id.* § 41-6a-601(3).

¶4     Bishop does not dispute that his speed exceeded the posted speed limit. Thus, there was prima facie evidence that his speed was not reasonable or prudent and that it was unlawful under section 41-6a-601(3). *See id.* Bishop attempted to overcome the prima facie evidence that his speed was unlawful by arguing that his speed was reasonable and prudent under the existing road conditions. *See id.* § 41-6a-601(1). In doing so, Bishop questioned the police officer about whether there were any actual or potential hazards where Bishop was stopped. *See id.* Although the police officer had no specific recollection of the incident, he testified that the particular section of road where Bishop was stopped was a high pedestrian traffic area and that given the time of day when Bishop was stopped for speeding, "there's always runners" and "there's always kids coming to and from the high school." The officer further testified that the potential hazards with the high pedestrian traffic are the reason that he patrols that particular section of road.

¶5     There is sufficient evidence supporting the district court's conclusion that Bishop's speed was not reasonable and prudent under section 41-6a-601(1), given the potential hazards associated with the pattern of pedestrian traffic in the area. Bishop fails to demonstrate that the trial court's factual determinations are clearly erroneous, nor does he demonstrate that the trial court erred in its legal conclusions.[1]

---

1.  Bishop also asserts that there is a substantial question as to whether the violation of a

(continued...)

¶6    Affirmed.


_____

Carolyn B. McHugh, Judge


_____

J. Frederic Voros Jr., Judge


_____

Stephen L. Roth, Judge

_____

(...continued)
statute constitutes a crime in the absence of "an injury, loss, or harm." We determine
this issue, as presented, is wholly lacking in merit and we decline to address it further.
*See State v. Carter*, 888 P.2d 629, 648 (Utah 1995).